WHITMAN v. COLLIN.

1. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.
   In an action to recover damages for injuries to plaintiff's automobile from a collision with defendant's automobile, *held*, that it was a question for the jury whether plaintiff was guilty of contributory negligence.[1]

2. SAME—DISCOVERED NEGLIGENCE—QUESTION FOR JURY.
   Whether defendant should have discovered the alleged negligence of plaintiff in driving and operating his car in time to avoid such collision was a question for the jury, under the evidence.

3. APPEAL AND ERROR—AUTOMOBILES—EVIDENCE—HARMLESS ERROR.
   In an action to recover damages for injuries to plaintiff's automobile due to a collision with an automobile of defendant, the admission of plaintiff's affirmative answer to the question whether he was able to stop his car in time to avoid hitting people who would walk in front of it, was, if erroneous, not prejudicial to defendant.

Error to Wayne; Murphy, J. Submitted April 13, 1917. (Docket No. 149.) Decided May 31, 1917.

Case in justice's court by Frederick W. Whitman against Frederic C. Collin for damage to plaintiff's automobile. There was judgment for plaintiff and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Carey, Armstrong & Weadock,* for appellant.

*Vincent M. Brennan,* for appellee.

On appeal from justice's court plaintiff recovered a verdict of $438.65 against defendant as damages re-

---

[1] On effect of speed and application of speed regulations on liability for collision between automobiles, or an automobile and another vehicle, at or near corner of street or highway, see note in L. R. A. 1916A, 747.

sulting from the alleged negligence of defendant in causing a collision between plaintiff's automobile and defendant's automobile. The accident occurred about midnight at the corner of Grand River avenue and Woodward avenue, in the city of Detroit. Plaintiff was in the act of crossing Woodward avenue from east to west. Upon reaching the avenue he stopped his car on the easterly side thereof and waited the passage of two cars going north, when he started his car in low speed to cross the street. At the time he started up he saw two cars coming south on Woodward avenue a block and a half or two blocks north, but was unable at that distance to determine their speed. He testified that he believed he had time to cross ahead of the southbound machines, and went slowly forward, changing his gears into second speed as he crossed over the street car tracks. The oncoming south-bound car belonging to the defendant was in plaintiff's view all the time until the actual collision. The front end of defendant's machine struck plaintiff's machine near the hind wheel, causing considerable damage. It is quite clear that at the time of the collision the plaintiff's machine was proceeding at a low rate of speed, and the evidence in the record tends to show that defendant's machine was being operated at a high and unlawful rate of speed, to wit, 30 or 35 miles per hour. Defendant gave evidence tending to show that he was operating his car at not to exceed fifteen miles per hour, and that he did not see plaintiff's car until he was within six feet of it; that as soon as he observed plaintiff's car he put on his brakes and turned sharply to the east, but was unable to avoid the collision.

The court submitted the case to the jury under very careful and elaborate instructions as to plaintiff's contributory negligence, defendant's negligence, and as to plaintiff's discovered negligence.

BROOKE, J. (*after stating the facts*). In this court the case is argued under three heads:

(1) Plaintiff was guilty of contributory negligence.
(2) The question of discovered negligence should not have been submitted to the jury.
(3) Certain testimony should not have been admitted.

1. With reference to the first question argued by appellant it is sufficient to say that we are of opinion that the testimony in the case was such as to raise a question of fact for the determination of the jury.

2. The same may be said with reference to the question of discovered negligence. If, as claimed by the defendant, the plaintiff operated his car across Woodward avenue in a negligent manner, that is, if he was negligent in failing to stop upon the car tracks and permit the defendant to cross in front of him or negligent in operating his car in a westerly direction at too slow a rate of speed, the question whether defendant should have observed his negligent act in time to have avoided the accident after such observation was one for the determination of the jury, and it was submitted to them for such determination under sound and well-considered instructions.

3. The only testimony objected to by counsel for defendant is the following, occurring in the examination of the plaintiff:

"*Q.* Were you able to stop your car in time to avoid hitting people who would walk in front of it?
"*A.* Yes, sir."

Even if the admission of this answer was erroneous, which we find it unnecessary to determine, it was clearly without prejudice to the defendant.

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.